**Kenneth A. GOLDEN, Plaintiff,**

v.

**LUTHERAN FAMILY SERVICES IN NORTH CAROLINA, INC., Defendant.**

**No. C–C–84–637–M.**

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 4, 1984.

Regan A. Miller, James, McElroy & Diehl, Charlotte, N.C., for plaintiff.

William R. Hoke, Raleigh, N.C., for defendant.

## PRELIMINARY INJUNCTION

McMILLAN, District Judge.

This case came before the court on December 3, 1984, on a motion by plaintiff for a preliminary injunction. Both parties were represented by counsel and evidence was presented through affidavits and live testimony of witnesses.

Jurisdiction exists pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 2000e–5(f)(3) for rights protected under 42 U.S.C. § 1981, § 1983 and Title VII. The court makes no finding as to whether the requisite state action has been shown to invoke the protections of the Fourteenth Amendment and 42 U.S.C. § 1983; there is sufficient jurisdiction under the court's equitable powers under § 1981 and Title VII to support this order. Although Title VII normally requires that a charge be lodged with the Equal Employment Opportunity Commission (EEOC) for 180 days prior to the time litigation can be instituted, the weight of authority allows plaintiffs who are suffering irreparable injury and who can demonstrate the likelihood of success to obtain appropriate temporary injunctive relief.

Upon consideration of all of the evidence presented, I find that plaintiff has shown a likelihood of success on the merits of his claim that because of his race (black) he was demoted from the position of Area Coordinator for defendant's Mecklenburg County programs to Assistant Director in July, 1984, and that because of his race and in retaliation for filing a charge of discrimi-

nation with the EEOC in September, 1984, he was terminated from the position of Assistant Director in November, 1984. I find that defendant's stated reasons for the July demotion [a series of incidents in May through July, 1984, which defendant claims demonstrate plaintiff's lack of administrative and supervisory capability], are pretextual. Plaintiff was rated by his supervisor as "commendable" and "outstanding" in these areas in an evaluation in March, 1984, and received no indications from defendant prior to the demotion that his performance was seriously deficient in those areas. Plaintiff has also shown likelihood of success on the merits of his claim that the December 1, 1984, "reorganization" [in which, for the first time, plaintiff and other Mecklenburg County employees who had filled supervisory positions with only bachelor's degrees were required to have master's degrees] was pretext for his unlawful termination and had a discriminatory impact on plaintiff and other black employees. Through statements of its employees and officers, defendant has indicated that race was and is an important consideration of its employment process because of "feelings" of defendant's employees that the children in its charge deserved white and black "role models." Defendant has made no showing that race was a *bona fide* occupational qualification for the employment of its child care and supervisory workers.

It is further the court's conclusion that plaintiff is suffering and will continue to suffer irreparable injury because of his involuntary termination from defendant's employment. He has not only suffered loss of wages and other employment benefits, but has also suffered and will continue to suffer a loss of reputation as an administrator and human services worker which makes it difficult, if not impossible, for him to secure other employment. Additionally, his termination will result in a loss of rapport with those persons he must supervise at Lutheran Family Services, those persons he must work with at the Department of Social Services, the neighborhood and community groups with whom he must main-tain good relations, and the children themselves.

No harm will result to defendant; defendant's own witnesses stated that plaintiff is an excellent worker and that, despite certain administrative deficiencies which they claim led to his demotion, they "all along" had the desire to keep him in the organization and to help him to develop his skills. Defendant pointed to no incident between the time of the July demotion and the November termination which would indicate an inability on plaintiff's part to do the job of assistant director (now unit coordinator).

Plaintiff has met the four-part standard set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977). I specifically find that:

1. Plaintiff's probability of ultimate success on the merits is high.

2. The "balance of hardship" is overwhelmingly in plaintiff's favor; without the issuance of an injunction he is very likely to suffer irreparable harm.

3. Defendant will not be harmed if the plaintiff is returned to the position of assistant director/unit coordinator immediately.

4. No public interest will be adversely affected; to the contrary, public interest as expressed through the acts of Congress in legislating against racially discriminatory treatment and retaliatory action under 42 U.S.C. § 1981 and Title VII will be served.

IT IS THEREFORE ORDERED that, pending further orders of court, the defendant Lutheran Family Services of North Carolina, Inc., its employees, agents, and all other persons acting in concert with or on behalf of defendant shall:

1. Immediately reinstate plaintiff Kenneth A. Golden to his position as assistant director of the Mecklenburg County programs of the Lutheran Family Services of North Carolina, Inc.

2. Not hire anyone other than Kenneth A. Golden to fill his job as unit coordinator [or whatever title may be given to the

duties which Golden was performing as assistant director in November 1984].

3. Provide pay and other benefits commensurate with that provided prior to Golden's termination.

The above order is temporary and preliminary in nature. Plaintiff's reinstatement will remain in effect until further order of this court. The court retains jurisdiction to issue any additional necessary orders.